[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Statement of the Case
These parties entered into a written contract under which the plaintiff was to supply work uniforms to the defendant's employees. Unfortunately, the plaintiff supplied garments made of dacron and cotton. When the defendant's shop manager discussed the defendant's needs with the plaintiff's salesman, he had CT Page 11851 specified all cotton garments as he felt dacron was not suitable for the defendant's employees who use welding and cutting devices. Under such conditions, dacron literally melts.
Neither the contract nor the plaintiff's proposal describe the clothing composition, but the plaintiff relies on the proposal terms which use a trade name for a dacron-cotton garment, "Dacot". The plaintiff contends this was notice to the defendant of the plaintiff's plan to provide dacron-cotton and the defendant accepted the same when it failed to object and signed the contract.
The defendant's employees did not understand "Dacot" to mean dacron-cotton clothing and did not discover the clothing to be dacron-cotton for several weeks.
The parties agree that the issue for the Court to resolve is whether the defendant breached the contract.
 I. "The intention of the contracting parties is of great significance in an attempt to construe an agreement. Intent is to be determined by fair and reasonable construction in the light of circumstances surrounding the execution of the writing and in the light of the object of the parties in executing the contract. New Haven Sand Blast Co. vs. Dreisbach, 102 Conn. 169, 180; Perkins vs. Eagle Lock Co., 118 id. 658, 663."
Buchanan v. Flandreau, 12 Conn. Sup. 108, 113 (1943).
From the evidence in this case, it is clear that the defendant ordered cotton clothing. Whether by omission or commission, the plaintiff chose to provide something else. In view of the defendant's evidence that the work of its employees made cotton clothing preferable and that such clothing had definite advantages over the clothing provided, the Court finds the defendant had a reasonable and valid reason to refuse the "Dacot" clothing.
The plaintiff relies on two sections of the contract to support its position. Paragraph 15 is a disclaimer in bold print to the effect that the clothing provided is not acid or flame retardant. However, the defendant is not objecting to the CT Page 11852 plaintiff's clothing on this ground so this provision is not relevant.
The plaintiff further refers to paragraph 21, in which it is stated that the document constitutes the entire agreement of the parties. Again, the defendant is not disputing this section. What the defendant is saying is that he ordered one type of clothing, the plaintiff provided another, and nowhere in the pertinent documents does the plaintiff indicate to the defendant that this substitution occurred.
The Court concludes that there was no breach of the contract by the defendant and the plaintiff cannot recover on that claim.
 II.
The parties have stipulated that the defendant is indebted to the plaintiff in the amount of $762.40 for clothing delivered before the dispute. This sum was tendered by the defendant to the plaintiff.
Judgment may enter for the plaintiff in the amount of $762.40, plus taxable costs in the amount of $237.80.
Anthony V. DeMayo State Trial Referee